UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIK LUNT, | ) |
| | ) CIVIL ACTION |
| | ) FILE NO. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| BUREAU VERITAS NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Erik Lunt ("Plaintiff" or "Mr. Lunt") brings this action against Bureau Veritas North America, Inc. ("Defendant" or "Bureau Veritas") asserting willful failure to pay overtime in violation of the the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").  Bureau Veritas misclassified Plaintiff and failed to pay him proper overtime for all hours worked in excess of 40 per week.

## JURISDICTION AND VENUE

1.   This is an action for unpaid overtime under the FLSA.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

2. Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

3. Plaintiff Erik Lunt was an employee of Bureau Veritas from approximately December 1, 2006 to October 1, 2012.

4. Plaintiff's title during the relevant time period was Project Manager.

5. Bureau Veritas classified Plaintiff as exempt under the FLSA.

6. Bureau Veritas is a Delaware Corporation with its principal place of business at 1601 Sawgrass Corporate Parkway, Fort Lauderdale, Florida, 33323.

7. Bureau Veritas is licensed to do business in Georgia but, according to the Georgia Secretary of State's website, has not listed a registered agent for service of process in Georgia.

8. Bureau Veritas may be served with summons and a copy of the Complaint in this action by delivering process to Pedro Guimaraes, CEO, 1601 Sawgrass Corporate Parkway, Fort Lauderdale, Florida, 33323.

9. Bureau Veritas is an employer as defined by 29 U.S.C. § 203(d).

10. Bureau Veritas has more than 60 offices in the United States and Canada and employs more than 3,000 individuals in North America.

11. Bureau Veritas specializes in quality assurance, health, safety and environmental risk management services.

## STATEMENT OF FACTS

12. Plaintiff's primary job duty was to physically go to the work location of Bureau Veritas clients, set up data collection devices, and then engage in rote data collection.

13. On a typical day, Plaintiff would arrive at a client location, manually set pumps or data collection devices to pre-set levels, relay to employees of the client what was being tested, physically put the pumps or data collection devices on the employees or in another appropriate pre-set location, keep a lab notebook in which he would take notes of what the employees were doing, collect the data collection devices, and send them to a laboratory to be analyzed.

14. Plaintiff spent the vast majority of his time in the field, at client locations, performing the duties described in Paragraph 13 of the Complaint.

15. Plaintiff would then receive the results from the laboratory and, using a pre-set form, generate a report that lined up the results against established OSHA guidelines.

16. Plaintiff would then submit these reports to a supervisor, who had the final decision on what recommendations to make to the client.

17. Plaintiff and other Project Managers were commonly referred to as "pump jockeys," a reference to the fact that they spent the majority of their time manually working with the sampling pumps.

18. Plaintiff's primary job duty was not the performance of office or non-manual work directly related to the management or business operation of Bureau Veritas.

19. Plaintiff's primary job duty was not the performance of office or non-manual work directly related to the management or general business operation of the customers of Bureau Veritas.

20. Plaintiff's primary job duty was not the performance of work which was predominantly intellectual in character.

21. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

22. Plaintiff did not supervise any individuals.

23. Plaintiff had no authority to interview, hire, discipline, or terminate employees.

24. Bureau Veritas assigned and controlled all of the work that Plaintiff performed.

25. Bureau Veritas was aware of the work Plaintiff performed.

26. Bureau Veritas was aware, or should have been aware, that Plaintiff's duties and responsibilities did not meet the requirements for any FLSA exemption.

27. At all relevant times, Bureau Veritas required Plaintiff to regularly work hours in excess of 40 per week.

28. At all relevant times Bureau Veritas was aware that Plaintiff regularly worked hours in excess of 40 per week.

29. At all relevant times, the express policy of Bureau Veritas was not to pay Plaintiff overtime compensation at a rate of 1 and ½ times his regular rate of pay for hours worked in excess of 40 per week.

30. Bureau Veritas billed the majority of the hours worked by Plaintiff directly to clients.

31. The percentage of hours worked by Plaintiff that were actually billed to clients was a substantial factor in determining performance evaluations for Plaintiff.  Project Managers and/or other employees whose ratio of billable to nonbillable hours fell below Bureau Veritas's prescribed ratio would receive negative performance evaluations and/or be terminated.

32. Plaintiff and other employees were therefore incentivized to, and did, under-report their hours worked in order to increase the percentage of their total reported hours billed to hours worked.

33. Plaintiff was paid straight-time for some, but not all, overtime hours worked.

34. On information and belief, Bureau Veritas's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

35. Bureau Veritas was, or should have been, aware that state and federal law require it to pay non-exempt employees overtime at a rate of 1 and ½ their regular rate for all hours worked in excess of 40 per week.

36. Bureau Veritas's failure to pay Plaintiff overtime at a rate of 1 and ½ his regular rate for all hours worked in excess of 40 per week was willful and in bad faith.

37. On information and belief, Bureau Veritas failed to maintain accurate and sufficient records of the hours Plaintiff worked.

## COUNT I
## Willful Failure Pay Overtime in Violation of the FLSA

38. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

39. Bureau Veritas engaged in a widespread pattern, policy and practice of violating the FLSA by misclassifying Plaintiff and other employees as exempt from the overtime requirements of the FLSA and failing to pay them overtime at a rate of 1 and ½ their regular rate for hours worked in excess of 40 per week.

40. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. The overtime wage provisions set forth in the FLSA apply to Bureau Veritas and protect Plaintiff.

42. At all relevant times, Bureau Veritas was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Bureau Veritas employed Plaintiff within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Bureau Veritas has had gross revenues in excess of $500,000.00.

45. As a result of Bureau Veritas's willful failure to compensate Plaintiff at a rate of 1 and ½ his regular rate for hours worked in excess of 40 per week, Bureau Veritas has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46. Bureau Veritas has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine his wages and hours of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Bureau Veritas's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. Bureau Veritas did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff .

49. Due to Bureau Veritas's FLSA violations, Plaintiff is entitled to recover from Bureau Veritas his unpaid overtime wages for all of the hours he worked in excess of 40 per week and equal amount as liquidated damages for Bureau Veritas's willful violations of the FLSA, prejudgment interest, reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. An award of unpaid wages for unpaid overtime compensation due under the FLSA;

c. An award of liquidated damages as a result of Bureau Veritas's willful failure to pay overtime compensation;

d. An award of prejudgment and post-judgment interest;

e. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f. Such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of March, 2013.

*/s/ Justin M. Scott*
Steven E. Wolfe
Georgia Bar No. 142441
sewolfe@buckleyklein.com
Justin M. Scott
Georgia Bar No. 557463
jmscott@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorneys for Adams